UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GLYNN DALE SISTRUNK, ET AL. | CIVIL ACTION NO: 18-CV-00516 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| GREGORY LAMAR HADDOX, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Now before the Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted filed by Glynn and Lawana Sistrunk ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Record Document 45]. Plaintiffs seek to dismiss a counterclaim filed by Defendant Lincoln Financial Advisors Corporation ("LFA"). [Record Document 41]. The motion is opposed. [Record Document 51]. For the reasons discussed below, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## FACTUAL BACKGROUND

Plaintiffs filed the original action against their former investment advisor Gregory Lamar Haddox ("Haddox") and his firm LFA (together, "Defendants") for allegedly "churning"[1] their account and other fraudulent activity. *See* Record Document 9, ¶ 2.[2] Plaintiffs brought a variety of federal and state law claims against Defendants, including claims that Defendants' conduct violated Texas's deceptive trade practice laws. Record Document 9, ¶s 137–38. LFA filed a

---

[1] Plaintiffs allege that Defendants were "systematically churning and moving plaintiffs' monies, at great expense, commissions, bonuses, fees and surrender charges, into annuities." Record Document 9, ¶ 27.
[2] Plaintiffs have filed a second amended complaint, adding four additional parties as Defendants. *See* Record Document 84. Their factual allegations are fully set forth in their first amended complaint. *See* Record Document 9.

1

counterclaim against Plaintiffs and a crossclaim against Haddox pursuant to Federal Rule of Civil Procedure 13. Record Document 41.

LFA's counterclaim alleges that Plaintiffs' claims against it under the Texas Deceptive Trade Practices Act ("DTPA") are groundless in fact or law, brought in bad faith, or brought for the purpose of harassment. Record Document 41, ¶ 12. LFA states it is therefore entitled to recover attorney's fees and court costs from Plaintiffs pursuant to Texas Business & Commercial Code § 17.50(c). *Id.* LFA also alleges that it is entitled to recover damages because Plaintiffs' lawsuit constitutes an unfair method of competition and an unfair or deceptive act or practice, in violation of Louisiana Revised Statutes § 51:1405. *Id.* at ¶ 13.

## LAW & ANALYSIS

### I. Legal Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a

plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## II.    LFA's Claims Under the DTPA

### A.    Applicable Law

Plaintiffs allege that LFA violated Texas's deceptive trade practice laws by purposefully deceiving them in order to gain an economic advantage and by engaging in unfair, deceptive, and illegal acts and omissions designed to gain economic benefit from the deception. Record Document 9, ¶s 137–38. Section 17.50(a) of the DTPA allows a consumer to maintain a civil action for (1) the use of a false, misleading, or deceptive act or practice, (2) breach of warranty, (3) any unconscionable action or course of action, or (4) the use or employment by any person of an act or practice that violates Chapter 541 of the Insurance Code. Tex. Bus. & Com. Code Ann. § 17.50(a). LFA's counterclaim asserts that Plaintiffs' lawsuit against it violates § 17.50(c) of the DTPA. Record Document 41, ¶ 12. Section 17.50(c) states that "[o]n a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs." Tex. Bus. & Com. Code Ann. § 17.50(c). Under this statute, the party claiming attorney's fees bears the burden of proving that the claims were groundless and brought in bad faith. *Phillips Petroleum Co. v. Loucks*, 42 F.3d 641, 1994 WL 708633, at *3 (5th Cir. 1994) (per curiam). The court, not the fact finder, must determine the existence of groundlessness, bad faith, and harassment under § 17.50(c). *Id.* at *4 (quoting *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W. 2d 634, 638 (Tex. 1989)).

3

Under the DTPA, an action is considered groundless if it has no basis in law or fact and is not warranted by a good faith argument for the extension, modification, or reversal of existing law. *Donwerth*, 775 S.W. 2d at 637. The proper standard for determining groundlessness is "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Splettstosser v. Myer*, 779 S.W. 2d 806, 808 (Tex. 1989). A suit is brought in bad faith if it is motivated by a malicious or discriminatory purpose. *Schlager v. Clements*, 939 S.W. 2d 183, 190 (Tex. App.–Houston [14th Dist.] 1996, writ denied). A lawsuit meets § 17.50(c)'s definition of harassment only if that lawsuit was brought solely for the purpose of harassment. *Donwerth*, 775 S.W.2d at 638.

### B. Arguments of the Parties

In their motion to dismiss, Plaintiffs claim that LFA does not allege that it purchased goods or services from them as required to assert a cause of action under the DTPA. Record Document 45-1, p. 3 n.2; pp. 8–9. LFA counters by pointing out that § 17.50(c) of the DTPA expressly provides a defendant with the right to assert a counterclaim for attorney's fees and court costs when an action brought under the DTPA is groundless or brought in bad faith or for the purpose of harassment. Record Document 51, p. 9. In response, Plaintiffs argue that LFA has failed to allege any facts showing that their DTPA claims warrant an award of attorney's fees and court costs. Record Document 52, pp. 1–2. Plaintiffs also argue that Federal Rule of Civil Procedure 54(d) is the only proper procedural mechanism for asserting a claim for attorney's fees. *Id.* at 4–5. Plaintiffs assert that no federal court has found that a claim for attorney's fees pursuant to § 17.50(c) is a counterclaim under Texas procedural law. *Id.* at 4 n.2.

## C. Analysis

The Court begins by addressing Plaintiffs' arguments regarding Rule 54(d).[3] In their motion to dismiss, Plaintiffs do not mention the procedural posture of LFA's counterclaim. Only in their reply brief do Plaintiffs argue that LFA's claim for attorney's fees cannot be brought outside of a motion pursuant to Rule 54(d). *See* Record Document 52, pp. 4–5. Thus, Plaintiffs are making an argument in their reply brief that they overlooked in their initial motion to dismiss. This Court does not usually consider arguments raised for the first time in a reply brief. *Abshire v. Boudreaux*, No. 18-0205, 2018 WL 5364245 at * 4 n.9 (W.D. La. Oct. 26, 2018). The Fifth Circuit has stated that "[i]t is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. School Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam). Therefore, the Court will not consider Plaintiffs' argument that attorney's fees can only be sought via a motion under Rule 54(d).[4]

The Court now turns to whether LFA has alleged facts showing that Plaintiffs' lawsuit is groundless in law or fact.[5] *See* § 17.50(c). The counterclaim states that Plaintiffs allege acts of misconduct that occurred during a time period from 2005 to 2018. Record Document 41, ¶ 6. LFA asserts that Plaintiffs' original lawsuit fails to allege any actual misconduct on the part of LFA and

---

[3] Rule 54(d)(2)(A) states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."
[4] Despite Plaintiffs' assertions to the contrary, the Court notes that several federal district courts and the Fifth Circuit have allowed a claim for attorney's fees and court costs pursuant to § 17.50(c) to proceed as a counterclaim. *See Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 506 (N.D. Tex. Jan. 30, 2001); *J & D Aircraft Sales, LLC v. Cont'l Ins. Co.*, Civ.A.3:03-CV-0007-B, 2004 WL 2389445 at *16 (N.D. Tex. Oct. 26, 2004); *Mosser v. Aetna Life Ins. Co.*, 4:15-cv-00403, 2018 WL 1510720 at *1 (E.D. Tex. Mar. 27, 2018); *Phillips Petroleum*, 1994 WL 708633 at *4.
[5] LFA's counterclaim does not allege any facts suggesting that Plaintiffs brought this lawsuit in bad faith or solely for the purpose of harassment. Therefore, the Court will analyze only whether Plaintiffs' claims could be considered groundless.

seeks to hold it accountable for misconduct committed by Haddox. *Id.* at ¶ 9. LFA bases this assertion on two facts: (1) that Glynn Sistrunk closed his brokerage account with LFA on May 31, 2008, and (2) that LFA's association with Haddox ended on May 18, 2009. *Id.* at ¶s 6–7. LFA states that it cannot be liable to Plaintiffs for any misconduct that occurred after those dates. *Id.* However, under the facts presented in LFA's counterclaim, it could still be potentially liable for unlawful acts committed between the year 2005 and May 31, 2008. Thus, Plaintiffs' claims cannot be considered groundless based on those facts alone.

LFA also argues that any claims Plaintiffs may have had against it have prescribed. *Id.* at ¶ 7. Actions under the DTPA are subject to a two-year statute of limitations, running from the date on which the wrongdoing occurred or from the date the consumer knew or should have known about the wrongdoing. Tex. Bus. & Com. Code § 17.565. According to LFA, it cannot be held liable for any events after May 18, 2009, at the latest. Record Document 41, ¶ 7. Plaintiffs did not file the instant lawsuit until June 27, 2018, nine years after LFA allegedly ended its association with Haddox and ten years after Glynn Sistrunk allegedly closed his brokerage account with LFA. *See* Record Document 1. If the statute of limitations began to run on the date the alleged wrongdoing occurred, any DTPA action that Plaintiffs could have asserted against LFA may have expired by the time they filed their complaint. Alternatively, if the statute of limitations began to run on the date that Plaintiffs knew or should have known of LFA's alleged wrongdoing, the statute of limitations may not have been expired when the complaint was filed. The Court reaches no conclusion as to when the statute of limitations began to run but holds that the timing of Plaintiffs' complaint allows the Court to draw the reasonable inference that the statute of limitations may have expired by the time Plaintiffs filed their complaint. *See Iqbal*, 556 U.S. at 678 (stating that, in order to survive a motion to dismiss, the complaint only needs to include factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). If Plaintiffs' claims were expired by the time they filed suit, their DTPA claims could be groundless in law under § 17.50(c). *See Donwerth*, 775 S.W. 2d at 637. Therefore, Plaintiffs' motion to dismiss is hereby **DENIED** as to LFA's claim under § 17.50(c) of the DTPA.

III. <u>**LFA's Claims under LUTPA**</u>

    A.     **Applicable Law**

LFA argues that Plaintiffs' assertion of claims against it constitutes an unfair method of competition and an unfair or deceptive act or practice in violation of Louisiana Revised Statute § 51:1405. Record Document 41, ¶ 13. Louisiana Revised Statutes § 51:1401, *et seq.*, Louisiana's Unfair Trade Practices and Consumer Protection Law, is often referred to as "LUTPA." LUTPA has a "narrow goal of protecting against egregious actions of fraudulent, deceitful, and unfair business practices to promote and foster healthy and fair business competition." *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc.*, 2013-1582 (La. 5/7/14); 144 So. 3d 1011, 1026. Section 1405(A) of LUTPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Stat. Ann. § 51:1405(A). Section 1409(A) of LUTPA authorizes private lawsuits by anyone who suffers a loss of money or property "as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405." *Id.* at § 1409(A). Section 1409(A) also provides for the recovery of attorney's fees and court costs by a defendant upon a finding by the court that an action was "groundless and brought in bad faith or for purposes of harassment." *Id.*

"What constitutes an unfair trade practice is determined by courts on a case-by-case basis." *IberiaBank v. Broussard*, 907 F.3d 826, 839 (5th Cir. 2018) (quoting *Tubos de Acero de Mexico,*

*S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002)). The range of practices that LUTPA prohibits is "extremely narrow." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10); 35 So. 3d 1053, 1060. "[O]nly egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Id.*

### B. Arguments of the Parties

Plaintiffs argue that LFA fails to state a claim under LUTPA because LFA does not allege that Plaintiffs were engaged in trade or commerce or that LFA was ever a consumer or competitor of theirs. Record Document 45-1, pp. 3–4. Plaintiffs also argue that filing a lawsuit is not an unfair or deceptive trade practice or an unfair method of competition that is actionable under LUTPA. *Id.* at 4–5.

In its opposition, LFA responds that § 1405 of LUTPA does not specify particular violations and that violations must be evaluated on a case-by-case basis. Record Document 51, p. 11. LFA also claims that it can be classified as a "person" that is entitled to bring a claim under LUTPA, even though it may not qualify as a consumer or business competitor under the terms of the statute. *Id.* at 12–13. LFA further asserts that Plaintiffs are seeking to recover damages based upon "demonstrably false allegations," which it claims is actionable under LUTPA. *Id.* at 13.[6]

### C. Analysis

The Court begins by clarifying some confusion about the nature of LFA's claims under LUTPA. As stated previously, LUTPA contains a provision that allows a defendant to recover attorney's fees when an action is groundless and brought in bad faith or for purposes of harassment,

---

[6] LFA attempts to offer evidence in its opposition to support its assertions that Plaintiffs' lawsuit is meritless. Record Documents 51-1 & 51-2. However, LFA has not filed a motion for summary judgment under Federal Rule of Civil Procedure 56, and a response to a motion to dismiss is not the proper vehicle to offer evidence or test the validity of the underlying claims by Plaintiffs.

similar to the DTPA. *See* La. Stat. Ann. § 51:1409(A). However, LFA's counterclaim does not reference this provision. Instead, LFA asserts that Plaintiffs have engaged in an unfair method of competition in violation of § 1405 of LUTPA by filing the instant lawsuit. Record Document 41, ¶ 13. Despite this, Plaintiffs reference § 1409(A) in their opposition in an apparent attempt to argue that it does not apply under these facts. Record Document 45-1, pp. 6–7. LFA clarifies its position in its opposition, stating that it did not assert a claim for costs and attorney's fees under § 1409(A) because Plaintiffs' amended complaint did not include LUTPA as a cause of action. Record Document 51, p. 14; *see* Record Document 9. Therefore, the only issue for the Court to decide is whether LFA has stated a plausible claim that Plaintiffs have engaged in an "[u]nfair method of competition and unfair deceptive act or practices" by filing a lawsuit against LFA. *See* § 1405(A).

The Court finds that Plaintiffs' suit against LFA does not violate LUTPA. Section 1405(A) and the entire LUTPA statute is intended to prevent unfair practices in trade and commerce. *See id.* LUTPA defines "trade" or "commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immoveable or moveable, and any other article, commodity, or thing of value wherever situated . . . ." *Id.* at § 1402(10). LFA has made no allegations that Plaintiffs were engaged in any activities that could fall under LUTPA's definition of trade or commerce. Therefore, Plaintiffs' suit against LFA does not violate LUTPA. *See* § 1405(A).

Even if LFA had alleged facts showing that Plaintiffs were involved in trade or commerce, it has failed to allege how the filing of this lawsuit constitutes an unfair method of competition or an unfair or deceptive act or practice that violates § 1405(A). As stated previously, LUTPA prohibits an "extremely narrow" range of practices. *Cheramie*, 35 So. 3d at 1060. LFA asserts that Plaintiffs' conduct is actionable under LUTPA but fails to provide facts showing that the filing of

this lawsuit falls into the narrow category of practices that LUTPA prohibits. Record Document 41, ¶ 13. Even when accepting all of LFA's factual allegations as true, as the Court must on a motion to dismiss, LFA has not stated a plausible claim to relief. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiffs' motion to dismiss is **GRANTED** as to LFA's LUTPA claims and those claims are hereby **DISMISSED WITH PREJUDICE**.

In its opposition, LFA requests leave to amend in the event that its counterclaim is found to be deficient. Record Document 51, p. 14. The Fifth Circuit has established that "in order to take advantage of the liberal amendment rules as outlined in the Federal Rules of Civil Procedure, the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *U.S. ex rel Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003)). LFA does not specify any grounds for its requested amendment. Therefore, LFA's request to amend its complaint is **DENIED**.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to dismiss LFA's counterclaim [Record Document 45] is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** as to LFA's claim under LUTPA and that claim is **DISMISSED WITH PREJUDICE**.

The motion is **DENIED** as to LFA's claim under the DTPA.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 12th day of September, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE