UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GLYNN DALE SISTRUNK, ET AL. | CIVIL ACTION NO. 18-516 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| GREGORY LAMAR HADDOX, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On April 30, 2020, Defendant Gregory Haddox ("Haddox") filed a Motion for Summary Judgment and/or Motion for Sanctions Under Federal Rules of Civil Procedure 37(b) and 41(b). Record Document 155. Plaintiffs Glynn and Lawana Sistrunk ("Plaintiffs") filed an opposition on June 4, 2020. Record Document 160. Plaintiffs also filed a Motion for Leave to File Certain Exhibits under Seal. Record Document 161. This motion contained thousands of pages of exhibits that Plaintiffs seek to file under seal in support of their opposition. Record Documents 164–70. Haddox responded by moving for a seven-day extension of his deadline to file a reply to Plaintiffs' opposition in order to have time to review those documents. Record Document 163. The Court then issued a minute entry suspending Haddox's obligation to file a reply while it reviewed the motion to file under seal. Record Document 171.

For the reasons discussed below, Haddox's motion for summary judgment [Record Document 155] and Plaintiffs' motion for leave to file certain exhibits under seal [Record Document 161] are **DENIED** without prejudice to refiling. The Court hereby **STRIKES** the filings attached to Plaintiffs' motion for leave to file certain exhibits under seal [Record Documents 164–70], from the record in this case. Haddox will have until **Wednesday,**

1

**July 8, 2020** to refile his motion for summary judgment separately from any motion for sanctions. Plaintiffs will have **fourteen days** after the motion is filed to submit an opposition. Haddox will have **seven days** thereafter to reply.

I. <u>**Motion for Summary Judgment**</u>

First, the Court observes that Haddox has complicated his motion for summary judgment by attempting to combine it with a motion for sanctions. Haddox argues that Plaintiffs' claims against him should be dismissed because of their "continued refusal to give substance to their claims through discovery disclosures." Record Document 155-3, p. 18. In particular, Haddox argues that Plaintiffs have not complied with Magistrate Judge Hornsby's ruling on Haddox's previously-filed motion to compel. *Id.* at 20; *see* Record Documents 60 & 130. The Court finds that whether or not Plaintiffs have complied with Judge Hornsby's ruling on the motion to compel is a legal issue separate from whether Haddox is entitled to summary judgment in his favor. Therefore, Haddox's motion for summary judgment [Record Document 155] and Plaintiffs' motion for leave to file certain exhibits under seal [Record Document 161] are **DENIED** without prejudice to refiling. The Court hereby **STRIKES** the filings attached to Plaintiffs' motion for leave to file certain exhibits under seal [Record Documents 164–70], from the record in this case. Haddox will have until **Wednesday, July 8, 2020** to refile his motion for summary judgment separately from any motion for sanctions. Plaintiffs will have **fourteen days** after the motion is filed to submit an opposition, subject to the limitations discussed below. Haddox will have **seven days** thereafter to reply.

## II. Plaintiffs' Proposed Exhibit A

The bulk of Plaintiffs' proposed exhibits is made up of Exhibit A, which is located in Record Documents 165 through 170 and is composed of 2,613 pages. Upon review of Plaintiffs' opposition brief, it contains minimal references to Exhibit A. Plaintiffs only refer to Exhibit A in support of their argument that they did in fact comply with Judge Hornsby's ruling requiring them to supplement their discovery responses. Record Document 160, p. 2. They identify Exhibit A as the Bates-labeled documents that they submitted to Haddox in compliance with that ruling. *Id.*

Plaintiffs' attempt to submit this many pages of exhibits to the Court is the very definition of document dumping. If the Court were to spend just one minute reviewing each of the 2,613 pages contained in Exhibit A, this would result in over 40 hours spent reviewing this single exhibit. Moreover, Plaintiffs' opposition does not refer to the substantive content of these documents but appears to rely on them only to show compliance with Judge Hornsby's order. Plaintiffs are advised that the only exhibits that should be attached to any filing are those that they want the Court to read and that any exhibits must be referred to by specific page numbers for the Court to read them. Documents should not be submitted merely to demonstrate their weight or volume. In any event, the Court will not allow Plaintiffs to submit an exhibit of this size.

## III. Plaintiffs' Other Exhibits

The Court also notes that Plaintiffs' opposition brief mainly refers to exhibits on the whole rather than by reference to specific page numbers. Some of the most egregious examples include:

- Reference to Exhibit G [Record Document 164-7], a 78-page document, for the proposition that some of those pages show "the fraudulent conduct of Haddox;"
- Plaintiffs' claim that Exhibit F-1 [Record Document 164-6], a 118-page document, demonstrates that the financial losses Haddox caused them continued into 2018; and
- Citation to Plaintiffs' expert's report, Exhibit H [Record Documents 160-7 & 160-8], a total of 229 pages, in support of their claim that losses occurred within the statute of limitations.

Record Document 160, pp. 11–12. Not only do Plaintiffs fail to provide pin citations to direct the Court's attention to the relevant pages of these lengthy documents, they completely neglect to interpret these documents or show how they support their arguments. Plaintiffs apparently expect the Court to review these documents and determine for itself why they are relevant to the case. The Court declines to do so. The Court's review of Plaintiffs' proffered exhibits in its preparation of this order has already required hours of work.

Both parties are instructed that the Court **does not read or consider** exhibits that are not referred to by specific page number in a filing. Even if evidence in support of a party's position technically exists in the summary judgment record, it is incumbent upon each party to identify that evidence, and its location, with particularity. The Court does not have a duty to sift through the record in search of evidence to support a party's position. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *de la O v. Housing Auth. of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005). Both parties should keep this rule in mind when they re-file their briefs in this matter. Plaintiffs may re-file their motion for leave to

4

file certain exhibits under seal when they re-file their opposition. Again, the only exhibits that should be attached to any filing, whether filed under seal or not, are those that the parties want the Court to read. Exhibits containing thousands of pages will not be permitted.

IV. **Conclusion**

For the reasons discussed below, Haddox's motion for summary judgment [Record Document 155] and Plaintiffs' motion for leave to file certain exhibits under seal [Record Document 161] are **DENIED** without prejudice to refiling. The Court hereby **STRIKES** the filings attached to Plaintiffs' motion for leave to file certain exhibits under seal [Record Documents 164–70], from the record in this case. Haddox will have until **Wednesday, July 8, 2020** to refile his motion for summary judgment separately from any motion for sanctions. Plaintiffs will have **fourteen days** after the motion is filed to submit an opposition. Haddox will have **seven days** after the opposition is filed to reply.

**THUS DONE AND SIGNED** this 24th day of June, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE