# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| GLYNN DALE SISTRUNK, ET AL. | CIVIL ACTION NO. 18-516 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| GREGORY LAMAR HADDOX, ET AL. | MAGISTRATE JUDGE HORNSBY |

## **MEMORDANUM ORDER**

Now before the Court is a Motion for Summary Judgment [Record Document 193], filed by Defendant Continental Casualty Company ("Continental"). The motion has been fully briefed. [Record Documents 193, 195, & 197]. For the reasons discussed below, the Motion for Summary Judgment [Record Document 193] is **GRANTED**.

## **BACKGROUND**

Plaintiffs Glynn and Lawana Sistrunk ("Plaintiffs") filed the instant lawsuit against their former investment advisor Gregory Haddox ("Haddox") and Haddox's investment firm, Lincoln Financial Advisors Corporation ("LFA"), for allegedly churning their accounts and other fraudulent activity. Record Document 1, ¶s 8–9, 27. Plaintiffs allege that this churning occurred through Haddox's and LFA's "repeated buying and selling [surrendering and taking distributions and liquidating] plaintiffs' investments [annuities]" for the purpose of generating excessive fees for themselves. *Id.* ¶ 128. Shortly after filing suit, Plaintiffs amended their complaint to properly name LFA, which their original complaint misidentified as Lincoln National Corporation. *See* Record Documents 7 & 9. In March of 2019, Plaintiffs amended their complaint again to add several new Defendants, including Jackson National Life Insurance Company ("Jackson"), Allianz Life Insurance Company of North America ("Allianz"), and Continental. Record Document 84, pp. 2–3. Plaintiffs have since dismissed their claims against LFA. Record Document 152. The Court

1

dismissed all claims against Jackson and Allianz. Record Documents 157, 181, & 186. Additionally, the Court dismissed all claims against Haddox, except for Plaintiffs' Louisiana law fraud claim. Record Document 199. The only remaining Defendants are Haddox, National Union Fire Insurance Company of Pittsburg, PA, and Continental. *See* Record Document 186.

Plaintiffs allege that Continental "is a professional liability insurer who provided insurance coverages to . . . Haddox and Allianz." Record Document 84, ¶ 169. Plaintiffs only included Continental "as a defendant in its capacity as an insurer for . . . Haddox and Allianz." *Id.* ¶ 170. The parties do not dispute that the insurance contract is a claims-made-and-reported policy, which requires any claim to be made and reported to the insurer during the relevant policy period. Record Documents 193-1, ¶ 3; 195-1, ¶ 3. The relevant portion of the policy states as follows:

> C. HOW THIS COVERAGE APPLIES
> Coverage for a Claim for a Wrongful Act as specified under paragraphs A. or B. above applies only if . . . the Claim is *first made* against any Insured *during the Policy Period*, or any Extended Reporting Period, if applicable, *and reported* to the Insurer in accordance with the section entitled NOTICE.
>
> . . .
>
> IX. NOTICE
> A. If a Claim is made against any Insured, the Insured shall, as soon as practicable, *notify the Insurer during the Policy Period* and forward to the Insurer every demand, notice, summons, or other process received. Notwithstanding *the requirement that the Claim must be first made and reported to the Insurer during the Policy Period*, if continuous coverage is in effect . . . a Claim may be first made against the Insured during one Policy Period and may be reported to the Insurer in writing during the consecutive, immediately following, Policy Period . . . .

Record Document 193-4, pp. 4–5, 16 (alteration to original). Now, Continental has filed a Motion for Summary Judgment seeking "judgment in its favor as a matter of law, declaring Continental has no duty to defend or indemnify . . . Haddox" because the claims at issue were neither made nor reported during any policy period. Record Document 193, p. 1.

2

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth

a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## LAW & ANALYSIS

The Louisiana Supreme Court has stated that "[a]n insurance policy is a contract between the insured and insurer and has the effect of law between them." *Gorman v. City of Opelousas*, 2013-1734 (La. 7/1/14); 148 So. 3d 888, 892 (citations omitted). When interpreting an insurance contract, the Court is "to ascertain the common intent of the insured and insurer as reflected by the words in the policy." *Peterson v. Schimek*, 98-1712 (La. 3/2/99); 729 So. 2d 1024, 1028. If the words of an insurance contract are "clear and explicit and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent." *Id.* "Where a policy unambiguously and clearly limits coverage to claims made and reported during the policy period, such limitation of liability is not per se impermissible." *Gorman*, 148 So. 3d at 892. "This type of policy is different from an occurrence policy in that the insured peril is different. In an occurrence policy, the peril insured is the occurrence itself. Once the occurrence takes place, coverage attaches even though the claim may not be made for some time thereafter." *Regions Bank v. Kountz*, 2005-1106 (La. App. 3 Cir. 5/31/06); 931 So. 2d 506, 511. However, a claims-made-and-reported policy shifts the risk to the insured to make a claim and report it to the insurance company during the policy period in order to be covered. *See Gorman*, 148 So. 3d at 892. "The purpose of the reporting requirement in a claims-made policy is to define the scope of coverage purchased by the insured by proving a certain date after which an insurer knows it is no longer liable under the policy." *Id.* at 897 (cleaned up). It allows the insurance company to "close its books" on a policy on a specific date. *Id.* at 893. Louisiana courts have consistently enforced

claims-made-and-reported policies and have found them not to be against public policy. *See, e.g.*, *id.*; *Bilyeu v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 50,049 (La. App. 2 Cir. 9/30/15); 184 So. 3d 69, 78, *writ denied*, 2015-2277 (La. 2/19/16); 187 So. 3d 462.

Turning to the language of the policy at issue, the policy clearly and unambiguously limits coverage to claims made and reported to Continental during the applicable policy period. *See* Record Document 193-4. The last date of coverage under the Continental policy was July 1, 2015. *See* Record Document 193-7. Therefore, any claim had to be made and reported to Continental before July 1, 2015. Continental submitted evidence that it did not receive notice of a claim concerning Plaintiffs until June 29, 2018, which is outside of any policy period. As such, the burden shifted to Plaintiffs to identify competent summary judgment evidence to show that this fact is in dispute.

In their opposition brief, Plaintiffs first argue that Continental had notice of their claims in 2015 because the Louisiana Department of Insurance started administrative proceedings against Haddox for similar misconduct with other clients. Record Document 195, p. 2. However, Plaintiffs did not attach competent summary judgment evidence to support this conclusory statement that Continental somehow had notice of these claims. As such, this statement cannot prevent summary judgment in Continental's favor.

Next, Plaintiffs contend that Haddox and Allianz had notice of the claims in 2015 and that this knowledge can be imputed to Continental. *Id.* at 4–5. However, Plaintiffs provided no legal support for the assertion that notice can be imputed from the insured to the insurer in a claims-made-and-reported policy.[1] In fact, the Court finds that the weight of jurisprudence supports the

---

[1] Plaintiffs did argue that Continental would not be prejudiced if the Court imputes knowledge to it through Haddox and/or Allianz. Record Document 195, p. 5. However, the Court finds whether Continental was prejudiced is irrelevant in the instant matter because the terms of the policy are

5

contrary conclusion because imputing knowledge to the insurer in a pure claims-made-and-reported policy would circumvent the insured's contractual duty to report the claim and wrongly "punish the insurer for the inactions of its insured."[2] *Gorman*, 148 So. 3d at 897. "To hold otherwise would effectively convert [this] . . . claims-made-and-reported policy into an occurrence policy, resulting in the judicial modification of the bargained-for exchange between the insurer and insured." *Id.* Therefore, the Court finds Plaintiffs' argument to be without merit.

Lastly, Plaintiffs state that Continental's motion for summary judgment should be denied because it did not make any mention of the policy's extended reporting period provision providing for continuous coverage. Record Document 195, p. 1. The Court infers that Plaintiffs are suggesting that the extended reporting period provision of the policy could potentially provide for coverage beyond July 1, 2015. However, the Court finds no reason to delay summary judgment based on this conclusory statement. The burden shifted to Plaintiffs to create a dispute of material fact. Plaintiffs provided no evidence that the extended reporting periods would apply in this case.[3] Continental, on the other hand, attached the policy, which states that an insured is not entitled to extended reporting periods if he or she was discharged for "disciplinary reasons." Record Document 193-4, p. 13. Here, Plaintiffs admit that Haddox was discharged by Allianz in 2015[4] "for cause based on his committing

---

clear and unambiguous: the claims had to be made and reported before the expiration of the policy period. *See Gorman*, 148 So. 3d at 897.

[2] The Court notes that Plaintiffs have not alleged any fraud or collusion between the insurer and insured. *See Gorman*, 148 So. 3d at 897 (inferring possible contrary result if fraud or collusion between insurer and insured present).

[3] Plaintiffs' conclusory statements were not even supported by an affidavit or declaration. *See* Fed. R. Civ. P. 56(d).

[4] Plaintiffs state in their opposition brief that Allianz discharged Haddox in 2015. However, Plaintiffs have previously alleged that Haddox was discharged in 2013. The Court finds it immaterial for the instant motion whether Allianz terminated Haddox in 2013 or 2015.

or attempting to commit a fraud against Allianz and counterfeiting." Record Documents 35, p. 2; 195, p. 2. Therefore, the Court finds that Continental has no duty to defend or indemnify Haddox.

Alternatively, Plaintiffs request the Court to delay or deny the motion for summary judgment because they have not yet had an opportunity to depose Haddox or Continental. Record Document 195, p. 8. However, the Court will not delay summary judgment on this basis. Plaintiffs did not identify what purpose a deposition of Haddox and/or Continental would serve in defeating the instant motion. The burden shifted to Plaintiffs to create a dispute of material fact by submitting competent summary judgment evidence. Plaintiffs have failed to do so. Further delaying determination of this issue could result in undue prejudice to Continental because it would have to incur unnecessary expenses defending a suit, which it has no legal obligation to defend. As such, Continental's Motion for Summary Judgment is **GRANTED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Continental's Motion for Summary Judgment [Record Document 193] is **GRANTED**. All claims against Continental are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 30th day of April, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE